BUSHWAY ICE CREAM Co. & others *vs.* FRED H. BEAN Co. & others.

Suffolk.   December 6, 1932. — October 25, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Corporation*, By-laws, Officers and agents, Stockholders' meeting.

Where a by-law of a corporation required, "Notices of all meetings of stockholders shall state the purposes for which the meetings are called," a notice of an annual meeting which stated that it would be held at the time required by the by-law and at a designated place for and to be confined to (1) the "election of a board of five (5) directors, a treasurer and a clerk . . . for the ensuing year" and (2) "any and all action that may properly come before the meeting in respect of the above matter," was proper, and the limitations of business therein stated were lawful and binding.

By reason of the restrictions of such by-law and the limitations of business stated in the call for the annual meeting above described, votes at an adjournment thereof that the limitations upon the purposes of the meeting as set forth in the call be struck out, and instructing the clerk to call a special meeting of the stockholders for a certain date during an interim between adjournments of the annual meeting for the purpose of considering and taking action upon proposed amendments to the by-laws providing that directors need not be stockholders and striking out paragraphs imposing restrictions on the transfer of stock in the corporation were void; and a special meeting of stockholders held upon a call of the clerk issued in accordance with such vote and all action taken at such special meeting were void.

The special meeting of the stockholders called in accordance with the vote of the stockholders in the circumstances above described was illegal, although a by-law of the corporation above described also provided, "Special meetings of stockholders may be called by the president or by a majority of the directors, and shall be called by the clerk upon written application of three or more stockholders who are entitled to vote and who hold at least one tenth part in interest of the capital stock."

Votes of a majority of the stock of the corporation, at an adjournment of the annual meeting of the stockholders held after the special meeting of the stockholders above described, which purported to ratify the action taken at the special meeting in amending the by-laws and electing persons as directors who were not stockholders, were void.

Neither the statutes of this Commonwealth nor the by-laws of the corporation above described permitted one stockholder, even though he held a majority of the stock, to call a special meeting of the stockholders, even by voting to that end in a stockholders' meeting, unless that subject was properly before the meeting.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on July 18, 1932, for a writ of mandamus.

The petition was heard by *Field*, J., upon an agreed statement of facts. Material facts are described in the opinion.

The single justice ruled that, so far as the matter was discretionary with him, he exercised his discretion in favor of the issuance of the writ; and reserved the case for determination by the full court.

*R. S. Wilkins*, for the petitioners.

*A. S. Allen*, (*C. S. Parker* with him,) for the respondents.

RUGG, C.J.   This petition for a writ of mandamus was heard upon the pleadings and an agreed statement of facts by a single justice, who so far as discretionary with him decided that he should order the writ to issue and at the request of the parties reserved the questions of law for the determination of this court. The petitioners are a Massachusetts corporation and four individuals. Those individuals contend that they are directors of the defendant corporation. The defendants are a Massachusetts corporation and five individuals. These individuals contend that they are the directors of the defendant corporation and deny that any of the individual plaintiffs are such directors. The plaintiffs are all the stockholders of the defendant corporation except the defendant Bean. The point to be decided is whether the four individual plaintiffs and the defendant Bean, or the five individual defendants including Bean constitute the board of directors of the defendant corporation.

The pertinent facts are these: The by-laws of the defendant corporation prior to the meetings hereinafter de-

scribed were to this effect: A board of five directors, a treasurer, and a clerk, all of them stockholders, shall be chosen at the annual meeting and hold office for one year and until their successors are chosen and qualified. (Art. III.) "Notices of all meetings of stockholders shall state the purposes for which the meetings are called. . . . Special meetings of stockholders may be called by the president or by a majority of the directors, and shall be called by the clerk upon written application of three or more stockholders who are entitled to vote and who hold at least one tenth part in interest of the capital stock, stating the time, place and purpose of the meeting." (Art. VII.) Stockholders who are entitled to vote shall have one vote for each share of stock owned by them. Stockholders may vote either in person or by proxy. A majority in interest of all stock issued and outstanding and entitled to vote shall constitute a quorum at any meeting. (Art. VIII.) By art. IX somewhat stringent provision is made as to the sale of his stock by any stockholder of the corporation and as to first giving opportunity of purchase to the other stockholders. It has not been argued that this provision was not valid. *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102, 110. The capital stock of the defendant corporation consists of one hundred fifty common shares, seventy-six of which, being a majority, are held by the defendant Bean, seventy by the corporate plaintiff, and one by each of the other four plaintiffs. The plaintiffs acquired their stock, being a minority, in September, 1930. Previous to that time the seventy-four shares now owned by the plaintiffs were owned by four other individuals who were stockholders and who with Bean constituted the board of directors. In September, 1930, those four resigned as directors and in their places the four individual plaintiffs were duly elected. The plaintiff Whiting was elected president, the plaintiff Bushway clerk, and the defendant Bean treasurer. The officers remained the same until the annual meeting of 1932. The call for that annual meeting, which under art. II of the by-laws was required to be held on the first Monday of January in each year at four o'clock in the afternoon, being sent by the clerk

under instructions of the president of the plaintiff but without assent as to its form by Bean, stated that the meeting would be held at the time required by the by-law and at a designated place for and to be confined to (1) the "election of a board of five (5) directors, a treasurer and a clerk . . . for the ensuing year" and (2) "any and all action that may properly come before the meeting in respect of the above matter." At the time and place specified in this call and at all other meetings hereinafter referred to, one Parker appeared holding a proxy covering the seventy-six shares of stock owned by the defendant Bean; no stockholder was present in person and no other stock was voted by proxy. Parker acted as chairman of each meeting, designated a person not a stockholder to be clerk *pro tempore,* made all motions, voted upon them, and declared them carried. At the first session of the annual meeting Parker protested against the restrictions set forth in the call and insisted upon the power of the meeting to take any action which might properly be taken at an annual meeting of stockholders of the corporation regardless of the limitation. The meeting was then adjourned to January 18 and thereafter successively adjourned to January 25, February 15, February 29, and March 21, 1932. At the adjournment held on January 25, (1) it was voted that the limitations upon the scope of the meeting as set forth in the call be stricken out, (2) the defendant Bean was elected treasurer and clerk, and (3) the clerk was instructed to call a special meeting of the stockholders to be held on February 15, 1932, for the purpose of considering and taking action upon proposed amendments to the by-laws: (a) to amend art. III so that directors need not be stockholders, and (b) to amend art. IX by striking out the paragraphs imposing restrictions on the transfer of stock in the corporation. A special meeting was called pursuant to this vote and at an adjournment thereof held on February 29 the proposed amendments were adopted. At the final adjournment of the annual meeting this action at the special meeting was ratified and the individual defendants were elected directors of the defendant corporation. Since that time the individual defendants have acted

as such directors, one of them has been chosen president, and they deny that any of the individual plaintiffs holds an office in the defendant corporation.  There is no contention that the defendant Bean is not the treasurer and clerk of the defendant corporation.

The individual defendants do not assail the validity of the call for the annual meeting.  They cannot do so because the validity of their own election as directors rests upon action taken at that annual meeting and its adjournments. *Barnes* v. *Springfield*, 268 Mass. 497, 503.  The question then is narrowed to the validity of the restrictions imposed in that call.  The corporate defendant was empowered to enact by-laws to govern the method in general of transacting its business, G. L. (Ter. Ed.) c. 156, § 13, but it was required by § 28 that "Notices of all meetings of stockholders shall state the purposes for which the meetings are called."  Both by-law and statute made imperative a statement in the call for the annual as well as for every other meeting of the stockholders of the business to come before such meeting.  The limitations stated in the call for the annual meeting of the defendant corporation for 1932 were therefore lawful and binding.

The call for that annual meeting did not mention the calling of a special meeting of stockholders as one of its purposes, nor did it mention the amendment of the by-laws of the corporation as one of its purposes.  That call restricted the objects of the meeting to the election of named officers and to all action that properly might come before the meeting "in respect of the above matter."  The only such "matter" was the election of the designated officers. In any event, such an indefinite reference cannot embrace a subject of such importance as changes in the by-laws. *People's Mutual Ins. Co.* v. *Westcott*, 14 Gray, 440.  *Downs* v. *Bowdoin Square Baptist Society*, 149 Mass. 135, 139.  The portion of by-law VII of the defendant corporation already quoted prescribed three several methods of calling special meetings of the stockholders in conformity to the provisions of G. L. (Ter. Ed.) c. 156, § 30.  No one of these methods was followed in calling the special meeting in the case at

bar. A vote at a meeting of stockholders to call a special meeting of stockholders is not one of the methods thus prescribed. There is no provision in the statutes or in the by-laws which permits one stockholder, even though he holds a majority of the stock, to call a special meeting of the stockholders, even by voting to that end in a stockholders' meeting, unless that subject is properly before the meeting. See *Evans* v. *Osgood,* 18 Maine, 213; *Goulding* v. *Clark,* 34 N. H. 148. The case at bar is distinguishable from *Stebbins* v. *Merritt,* 10 Cush. 27, where neither statute nor by-laws contained any provision respecting the calling of special meetings and therefore the method there adopted was held permissible.

The defendants rely upon *Citizens' Mutual Fire Ins. Co.* v. *Sortwell,* 8 Allen, 217, where a special meeting of the stockholders was called by the board of directors of a corporation under a statutory power "to manage and conduct all the business" of the corporation. The call was held valid notwithstanding a by-law to the effect that such special meeting "shall be called by the president, or in his absence by the secretary, on application made to them in writing by ten members," on the ground that this latter provision was mandatory but not exclusive of the general powers vested in the directors. The principle has no bearing upon the case at bar.

In general the control of a corporation is vested in the holders of a majority of its stockholders having voting power. *Opinion of the Justices,* 261 Mass. 556, 596–597. *Albert E. Touchet, Inc.* v. *Touchet,* 264 Mass. 499, 509. There is nothing novel about the control of a corporation being vested in a body of stockholders which has contributed but a small part of its working capital. *Crimmins & Peirce Co.* v. *Kidder Peabody Acceptance Corp.* 282 Mass. 367. In any event, the by-laws of a corporation and the controlling statutes, where they cover the subject, must be followed in exercising the rights of majority stockholders in calling meetings and in changing the by-laws. One object of the by-laws of a corporation is to define the duties and powers of stockholders and directors with reference to each other and

the corporation. By-laws constitute in effect a contract between the different members and the corporation. *Flint* v. *Pierce,* 99 Mass. 68, 70. *Boston Club* v. *Potter,* 212 Mass. 23, 26. *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30, 32. Those who become members of the corporation are entitled to assume that faith will be kept with them in observance of the by-laws and to resist infractions of them, and to enforce their rights accordingly.

The call for the annual meeting in the case at bar was legal. It was not within the power of the holder of a bare majority of the stock at that annual meeting to change that call or to strike out an important part of it. The rights of other stockholders not present could not be affected in that way. There having been no reference in the call for the annual meeting of 1932 to the subject of a special meeting of stockholders, the vote at such annual meeting or any of its adjournments to call a special meeting was not valid. The call for the special meeting was not issued in accordance with the by-law or statute and was therefore invalid. It follows that all action taken at such special meeting was a nullity. *American Tube Works* v. *Boston Machine Co.* 139 Mass. 5, 9–10. *Gray* v. *Christian Society,* 137 Mass. 329, 331. *Downs* v. *Bowdoin Square Baptist Society,* 149 Mass. 135, 139. Since the attempts to amend the by-laws failed, the organic law of the defendant corporation requires that all of its directors be stockholders, and the limitation upon sales of stock requiring that it first be offered to other stockholders is still in force. *Longyear* v. *Hardman,* 219 Mass. 405. It follows that none of the individual defendants except Bean are directors of the defendant corporation, and that all the individual plaintiffs continue to be directors because their successors have not been elected, and must be so recognized by the defendant Bean.

*Writ to issue.*