## SECURITIES AND EXCHANGE COMMISSION v. O'HARA RE-ELECTION (OR PROXY) COMMITTEE et al.

### No. 294.

District Court, D. Massachusetts.

June 27, 1939.

On Hearing of Order to Show Cause
July 10, 1939.

Chester T. Lane, Gen. Counsel, of Washington, D. C., Joseph P. Rooney, Atty., of Boston, Mass., and Robert E. Kline, Asst. Gen. Counsel, Christopher Jenks, Asst. Gen. Counsel, Mayer U. Newfield, Atty., and Sheldon E. Bernstein, Atty., all of Washington, D. C., for plaintiff.

Raymond J. McMahon, of Providence, R. I., and Francis T. Leahy and Edmund P. Keleher, both of Boston, Mass., for defendant Narragansett Racing Ass'n.

William A. Needham, of Providence, R. I., and Ernest Cuneo, of New York City, for defendant O'Hara Re-election (or Proxy) Committee.

SWEENEY, District Judge.

The petitioner, the Securities and Exchange Commission, has filed an action against the so-called O'Hara Re-election Committee and others, seeking to restrain the defendants from violating the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq., and particularly Section 14 thereof, 15 U.S.C.A. § 78n, having to do with the solicitation of proxies through the mail.

· The matter is now before me on prayers for a preliminary injunction, seeking to restrain the Re-election Committee and its members from further violations of the Act of 1934, and from the use of proxies alleged to be invalid. The Narragansett Racing Association, Inc., has been made a party defendant purely for the purpose of maintaining the status quo. The petition was submitted on arguments of counsel and on various affidavits.

Chronologically, it appears that on or about March 17, 1939, the Re-election Committee sent out letters soliciting proxies which did not conform to the rules promulgated by the Securities and Exchange Committee under authority of Section 14 of the Act. Subsequently there were further departures from the rules and regulations. After consultation with SEC officials, the Committee sent out a new letter dated May 22, 1939. With this letter, and with any action antedating it, the petitioner herein makes no complaint and seeks no remedy.

Subsequent to the issuance of the letter of May 22, 1939, certain proxies were received by the Re-election Committee. With those proxies that were received subsequent to the May 22nd letter and prior to the re-

ceipt by the stockholders of a letter written by the defendant O'Hara on June 10, 1939, the petitioner makes no complaint.

On June 10, 1939, the defendant, Walter E. O'Hara, sent out a letter over his own signature, and, I must find from the affidavits filed in the case, without the knowledge of the other members of the Re-election Committee, urging the stockholders to either attend the annual meeting of the Association to be held on June 19th (by stipulation this meeting was adjourned to July 3rd) and vote to return O'Hara to the management of the race track, or to sign a proxy recently sent with a letter and proxy statement from the O'Hara Re-election Committee. This undoubtedly referred to the Committee letter of May 22nd. In the O'Hara letter of June 10th, there were some false and misleading statements. The letter had generally to do with the O'Hara version of mismanagement on the part of the present directors, and certain allegations against the directors individually. Some of these statements were untrue. There was a great deal of innuendo contained in the letter.

I am satisfied that the letter and spirit of the Securities Exchange Act and the rules promulgated under Section 14 thereof prohibit the making of false or misleading statements, no matter how susceptible of explanation the false and misleading statements may be. An injunction pendente lite may issue restraining the defendant Walter E. O'Hara, his agents, servants, employees, and attorneys, from further violation of the Securities Exchange Act, and the rules and regulations promulgated thereunder.

Rule X–14A–5 prohibits the solicitation of proxies by any communication containing a false or misleading statement. The rules and the Act under which it was promulgated are concerned with the unlawful solicitation of proxies. The proxies that have been received as a consequence of the O'Hara letter are not valid proxies within the meaning of the Act. The use of proxies secured unlawfully cannot be countenanced by a court of equitable jurisdiction. The petitioner has failed, however, to distinguish between the proxies received pursuant to the valid letter of May 22nd and those which may have been received after receipt of the O'Hara letter of June 10th. Since it has been argued that the proxies have come from all parts of the United States, I rule that all proxies received after June 15th (I am allowing a maximum mailing time from points in the United States to Boston for receipt of proxies sent in as a result of the May 22nd letter) are invalid. An injunction may issue against the use by the defendant Re-election Committee of any proxies received by it or its members after June 15, 1939.

Although counsel have urged that the defendant corporation be not compelled to further postpone its annual meeting, I must take notice of the fact that the shareholders, whose proxies are invalidated above, would, in effect, be disenfranchised if the annual meeting of the Association were to be held on July 3rd. An injunction may issue against the holding of the annual meeting before July 10, 1939, which is considered ample time to obtain and file new and valid proxies. An injunction may issue in accordance with the above.

On Hearing of Order to Show Cause.

Upon the hearing of an order to show cause, returnable today, it appears that what the respondent O'Hara and others are seeking is to have this court supervise and adjudicate the election of officials of the Narragansett Racing Association, Inc., a Rhode Island corporation. Upon inquiry made in open court, directed to all of the parties, there was no claim made by any of them that the injunction had been violated in any respect.

The original bill filed herein sought relief against violation of certain sections of the Securities Exchange Act of 1934 and regulations promulgated thereunder. A temporary injunction was issued. There having been no breach of the injunction so far as is known, the matter now ought to be closed in this court; at least until such time as there may be a claim of a violation of the injunction.

The management of the internal affairs of the corporation is a responsibility of the officials of the corporation acting under the laws of the State of Rhode Island. Relief against violations or threatened violations of those laws should be sought in the Rhode Island courts. It would be an improper exercise of a discretionary power, if I have any, to assume the functions of such a court.

The relief sought under the order to show cause is therefore denied, and the stay granted therein is vacated.