149 So.2d 891 (1963)
Tazwell W. PEARSON et al., Appellants,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF TARPON SPRINGS, a United States corporation, J.O. Stephens, E.F. Swartsel, Michael Gianeskis and Robert P. Gause, Appellees.
No. 2947.
District Court of Appeal of Florida. Second District.
February 6, 1963.
Rehearing Denied February 28, 1963.
*892 H. Rex Owen of Bussey, Simmons & Owen, St. Petersburg, for appellants.
James M. Stevens, Tarpon Springs, Krentzman & MacKenzie, Clearwater, for appellees.
SMITH, Judge.
In the court below, the appellants were plaintiffs and the appellees were defendants. The plaintiffs are members of the corporate defendant, First Federal Savings and Loan Association of Tarpon Springs (hereinafter referred to as the Association). The individual defendants constitute a majority *893 of the Board of Directors of the said Association. Organized and created pursuant to the Home Owners' Loan Act of 1933,[1] the Association is operated under the supervision of the Federal Home Loan Bank Board.
The plaintiffs filed their complaint on their own behalf and on behalf of all others similarly situated, charging conduct in the nature of mismanagement of the Association through particular acts of the defendant-directors: grossly misappraising property; making construction progress installments in advance of the appropriate stages of construction; coercing those obtaining loans from the Association to deal with the businesses of the individual defendant-directors; and other specific acts of mismanagement on the part of the individual defendants. All of such acts were alleged to have greatly impaired the security of the Association and its members. The complaint further alleges that since the Association's inception, each new member has been required to sign a signature card containing a continuing proxy in favor of the seven directors, authorizing them to vote on behalf of the member at meetings of the Association; that the majority of the members were not aware that they personally had voting rights; and that by virtue of these proxies, the defendant-directors have been, and will continue to be, in a position to perpetuate their existence and continue to mismanage the Association.
The prayer for relief in the complaint was set out in numbered paragraphs as follows:
"1. That the individual Defendants be temporarily and permanently enjoined from acting as Directors, loan committee, managing committee, appraisers or inspector, or in any way to control the Defendant Corporation, and that they be ousted from their positions as Directors.
"2. That the proxies whereby the Defendants have gained control of the Corporation be declared invalid and of no force and effect, and that under supervision of this Court a special meeting be held to apprise members of the present situation and elect new Directors.
"3. That the assets of the Corporation be protected by this Court through a Receiver until an election can be held by the Corporation members to select a new Board of Directors.
"4. That Tazwell W. Pearson be reinstated as President of the Corporation.
"5. That the individual Defendants be required to return the Corporation to the position which it held prior to the unlawful acts complained of, or in the alternative that a money judgment be granted sufficient to reimburse the Corporation for its losses.
"6. That the Defendant Corporation be required to pay the costs and a reasonable attorneys' fee to the Plaintiffs for the prosecution of this action.
"7. Such other and further relief as to this Court shall seem proper in the premises."
The defendants filed a motion to dismiss upon the grounds that: "(1) The complaint failed to allege that the plaintiffs had exhausted their administrative remedies; (2) The Court lacked jurisdiction of the subject matter; (3) The court lacked jurisdiction of the person of the defendants; and (4) The complaint failed to state a cause of action."
The cause came on to be heard on the motion to dismiss. (Pursuant to leave granted, the Federal Home Loan Bank Board filed an amicus curiae brief on the jurisdictional question.) The court below declared that it was without jurisdiction to consider complaints relative to the internal management of federal savings and loan associations, and the motion to dismiss was granted with prejudice as to those allegations *894 in the complaint which formed a basis for the relief sought in the first four paragraphs of the prayer for relief. With reference to the fifth paragraph of the prayer for relief, the court concluded that the language of the complaint failed to adequately state a cause of action for the recovery of the funds alleged to have been received wrongfully by the individual defendants. The complaint was therewith dismissed with leave to amend as to the fifth, sixth and seventh prayers for relief.
After their petition for rehearing was heard and denied, the plaintiffs declined to amend, whereupon the court entered its Final Order dismissing the entire complaint with prejudice. From such Final Order the plaintiffs appeal.
The primary question for our determination is whether or not the Home Owners' Loan Act, supra, and the Rules and Regulations adopted pursuant thereto by the Federal Home Loan Bank Board pre-empt the field, thereby depriving the lower court of jurisdiction, with respect to those allegations in the complaint which lay a basis for the relief sought in the first four paragraphs of the plaintiffs' prayer for relief. The parties agree that such a pre-emption is established, and that the lower court was without jurisdiction, if the Act and the Board's Rules and Regulations contain particular provisions for the operation, management, supervision and regulation of federal savings and loan associations by the federal authorities.
The plaintiffs have conceded that the lower court did not have jurisdiction to appoint a receiver, since the Federal Home Loan Bank Board has "exclusive jurisdiction to appoint a Supervisory Representative in Charge, conservator, or receiver." (emphasis added) 12 U.S.C. § 1464(d)(2). The Board has adopted comprehensive rules and regulations with respect to those subjects. See C.F.R., Parts 547-549. Thus, the state courts are clearly without jurisdiction in such matters.
Did the lower court have authority to call and supervise a meeting of the members of the Association? This relief was prayed for in a portion of the second paragraph of the prayer for relief. The By-Laws[2] under which the Association operates contain the following specific provision governing special meetings of members (12 C.F.R., § 544.5):
"2. Special meetings of members. Special meetings of the members of the association may be called at any time by the president or the board of directors, and shall be called by the president, a vice president, or the secretary upon the written request of members holding of record in the aggregate at least one-tenth of the capital of the association. Such written request shall state the purposes of the meeting and shall be delivered at the home office of the association addressed to the president. Special meetings of the members shall be conducted in accordance with Robert's Rules of Order."
Thus, the calling of special meetings of the members is a matter governed by the Rules and Regulations of the Federal Home Loan Bank Board, and the lower court was, therefore, without jurisdiction in that area.
With reference to those portions of the complaint laying a basis for enjoining and ousting the individual defendants from control of the Association (paragraph one of the prayer for relief) and reinstating Tazwell W. Pearson as president of the Association (paragraph four of the prayer for relief), we agree with the lower court's conclusion that it was "without jurisdiction to consider complaints relative to the internal management of federal savings and loan associations." It is a well-established rule that federal savings and loan associations *895 are subject only to state law which does not interfere with the purposes for which it was created, does not destroy its efficiency, and does not conflict with paramount federal law. See In re Election of Directors of Baldwinsville Federal Savings and Loan Association, 1944, 268 App. Div. 414, 1024, 51 N.Y.S.2d 816. The Charter of the Association contains the following specific provision with reference to this subject, appearing in 12 C.F.R., § 544.1:
"5. Directors. The association shall be under the direction of a board of directors * * *. Each director of the association shall be a member of the association, and a director shall cease to be a director when he ceases to be a member. Directors of the association shall be elected by its members by ballot * * * for periods of 3 years and until their successors are elected and qualified, * * *."
The By-Laws of the Association, which appear as 12 C.F.R., § 544.5, provide that the directors shall be elected by the members at the annual meeting; that the act of a majority of the directors present at any meeting at which there is a quorum shall be the act of the board; that the board of directors shall elect a president and that the term of office of all officers shall be one year, or until their respective successors are elected and qualified, but any officer may be removed at any time by the board of directors. The By-Laws expressly enumerate the powers of the board of directors, concluding with the general power to exercise any and all of the powers of the Association not expressly reserved by the Charter to the members. In the event the Federal Home Loan Bank Board exercises its exclusive jurisdiction to appoint a supervisory representative in charge, conservator or receiver, as heretofore noted, that board has the further authority to then call a meeting of the members to elect new directors. 12 C.F.R., § 547.7. These particular provisions preempt the field and thus the court was without jurisdiction of that part of the alleged cause of action seeking relief by way of enjoining and ousting the individual defendants from control of the Association and reinstating the former president.
Having concluded that the lower court was without jurisdiction to consider the complaint with respect to appointing a receiver, calling and supervising a meeting of the members of the Association, enjoining and ousting the defendant-directors from their offices, and reinstating the former president, we are next confronted with the question of whether the lower court has jurisdiction to invalidate proxies. The general rule is that a court of equity has the jurisdiction to invalidate proxies of a corporation or an association obtained through fraud or misrepresentation. Securities and Exchange Commission v. O'Hara Re-Election Committee, D.C.Mass., 1939, 28 F. Supp. 523. We must examine the Act and the Rules and Regulations to determine whether or not the federal authorities have pre-empted the subject.
The right of members of the Association to vote by proxy is conferred by the Charter. 12 C.F.R., § 544.1, 4. However, in granting the right to vote by proxy, neither the Act nor the Board's Rules and Regulations define a proxy; nor do they contain any provisions regarding the validity of proxies or a method of determining their validity. It is difficult to see how invalidating the allegedly illegally-obtained proxies would thwart or frustrate the purpose for which this Association was created, or impair its efficiency, for a dispute over the validity of a proxy is basically a contest between the individual member giving the proxy and the person having, holding or exercising the powers of the proxy; and the question does not directly affect the internal management of the Association. In Gottlieb v. McKee, 1954, 34 Del. Ch. 537, 107 A.2d 240, the court determined the validity of proxies of a federal savings and loan association. The Federal Home Loan Bank Board seems to have conceded that it has no authority or *896 jurisdiction to determine the question of the validity of proxies, for we note that it sought the aid of a court for such a determination in the case of Federal Home Loan Bank Board v. Greater Delaware Valley Federal Savings & Loan Association, 3 Cir.1960, 277 F.2d 437; see also Greater Delaware Valley Federal Savings & Loan Association v. Federal Home Loan Bank Board, 3 Cir., 1958, 262 F.2d 371. There being no federal provisions pertaining to the validity of proxies, this subject was left to the prevailing law in the various state jurisdictions, and the court had jurisdiction of that subject.
Having determined that the court did have jurisdiction to determine the validity of the proxies in question, we now consider whether or not the complaint stated allegations of fact upon which such relief could be granted. In regard to the proxies, the allegations of the complaint were as follows:
"Since the inception of the Corporation and at all times thereafter each member has been asked to sign a signature card containing a proxy authorization which lists all seven of the directors and authorizes them to vote on behalf of the member at both special and annual meetings. Most members are unaware that they personally have voting rights in the Association, and are not told how the directors and officers are selected. By virtue of the fact that the Defendants constitute a majority of the Board of Directors, through the proxies which have been obtained, they are in a strategic position to perpetuate their existence in office and to continue to manipulate the Corporation and its assets for their own personal gain."
The facts alleged are insufficient to state a cause of action for the relief sought. See 5 Fletcher, Cyc., Corporations, §§ 2060, 2062, and 2063; Textron, Inc. v. American Woolen Co., D.C.Mass., 1954, 122 F. Supp. 305; and In re Zickl, Sup., 1947, 73 N.Y.S.2d 181. It follows therefore that as to this cause of action the complaint was properly dismissed for failure to state a cause of action; but since a cause of action could exist if properly stated the dismissal as to that subject should have been without prejudice and with leave to amend.
We turn now to the fifth paragraph of the prayer for relief and the pleadings relating thereto. This portion of the complaint is in the nature of a stockholders' derivative suit. We agree with the conclusion of the lower court that the complaint as to the relief sought in paragraph five of the prayer failed to adequately state a cause of action. In this connection it is noted that the complaint does not allege any difficulty or inability of the plaintiffs in acquiring more definite and detailed information. Furthermore the complaint is wholly lacking in allegations of fact to support the conclusions of wrongful acts and losses to the Association.
Having determined that the lower court should have allowed the plaintiffs to amend their complaint in order to state if they could a cause of action to invalidate the proxies then justice seems to require that upon remand the plaintiffs should be allowed to amend the complaint to state if they can, a cause of action for an accounting against the individual defendants for costs and reasonable attorneys' fees to be paid by the Association and for general relief. The order dismissing the complaint with prejudice, and the final judgment entered thereon, is affirmed in part and reversed in part, with directions to allow the plaintiffs to file an amended complaint alleging, if they can, a cause of action for the invalidation of the proxies and for an accounting from the individual defendants, and praying for costs and attorneys' fees.
ALLEN, Acting C.J., and WHITE, J., concur.
NOTES
[1] As amended, 12 U.S.C. § 1461 et seq.
[2] The By-Laws are prescribed by § 544.5 of the Rules and Regulations for the Federal Savings and Loan System.