MARINUCCI BROS. & CO. INC. *vs.* METROPOLITAN DISTRICT COMMISSION. May 2, 1963. Order dismissing petition affirmed. This petition for a writ of certiorari by the lowest bidder on a contract for flood control seeks to avoid the awarding of the contract to the second lowest bidder. It is conceded that under the applicable statute, G. L. c. 29, § 8A, as amended, the contract need not be awarded to the lowest bidder. The various contentions of the petitioner need not be stated. They have been examined and found to be completely lacking in merit. The judge of the Superior Court rightly ordered the petition dismissed.

*James F. Sullivan* for the petitioner.

*John J. Grigalus,* Assistant Attorney General, for the respondent.

MICHAEL F. ROACH, JR., & another *vs.* RICHARD T. ROACH. May 31, 1963. Final decree affirmed with costs of this appeal to the plaintiffs. The final decree ordering the defendant to convey real estate is supported by the findings of the master's report. There was no error therein, nor in the denial of the defendant's motions to "discharge the hearing before the Master" and to recommit the report, or in the interlocutory decree confirming the report.

*Josephine M. Roach,* by permission of the court, for the defendant.

*James M. Langan,* for the plaintiffs, submitted a brief.

FILIBERTO A. DAPRATO *vs.* HUGO DAPRATO & others. May 31, 1963. Final decree affirmed with costs to the defendants. This bill by a minority stockholder of a small Massachusetts corporation seeks to restrain the distribution (pursuant to a stockholders' vote of March 4, 1958) of eighty-eight shares of stock, plus notes and cash, in satisfaction of certain "open account" credits. These had long been shown on the corporate books. Although the credits were accrued in proportion to each recipient's share holdings at the time, they purported to represent "officers' salaries" unpaid for the period 1924–1937 and were set out in a certificate of condition as late as 1957. A master's report was confirmed. The plaintiff appealed from a final decree dismissing the bill. There was sufficient notice of the business concerning the open account credits proposed for consideration at the 1958 meeting. *Evans* v. *Boston Heating Co.* 157 Mass. 37, 41. Cf. *Bushway Ice Cream Co.* v. *Fred H. Bean Co.* 284 Mass. 239, 243–244. The facts stipulated and the master's report do not establish that the open account credits were irregular (see *Moroni* v. *Brawders,* 317 Mass. 48, 52–53; see also *Swartz* v. *Sher,* 344 Mass. 636, 639–640) or that they were not corporate obligations. Even if the open account credits in substance represented dividends, the facts stipulated and found concerning this perhaps informally run corporation (see *Samia* v. *Central Oil Co. of Worcester,* 339 Mass. 101, 109) do not show abuse in the creation of the credits or in their satisfaction or injury thereby to the corporation or to the plaintiff.

*Joseph G. Crane* for the plaintiff.

*John J. Conroy* for the defendants.