### SECURITIES AND EXCHANGE COMMISSION v. TRANSAMERICA CORPORATION et al.

#### Nos. 9240, 9259.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 23, 1947.

Decided Sept. 15, 1947.

Edwin D. Steel, Jr., and Morris, Steel, Nichols & Arsht, all of Wilmington, Del., for Transamerica Corporation.

Roger S. Foster, Sol., and Sidney H. Willner, both of Philadelphia, Pa., for Securities and Exchange Commission.

Before BIGGS and KALODNER, Circuit Judges, and McGRANERY, District Judge.

BIGGS, Circuit Judge.

There are two appeals at bar. One is that of Transamerica Corporation (No. 9240), the other is the appeal of the Securities and Exchange Commission (No. 9259). Both are from an order of the United States District Court for the District of Delaware entered September 9, 1946. What

this order was and what it effected is discussed hereinafter. It seems appropriate to deal with both appeals in one opinion.

Transamerica, a Delaware corporation subject to the provisions of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78n(a), has outstanding approximately 9,935,000 shares of . $2 par value capital stock registered with the Commission and listed on national security exchanges, viz., the New York Stock Exchange, the Los Angeles Stock Exchange and the San Francisco Stock Exchange. Transamerica's shares are held by approximately 151,000 persons.

On January 2, 1946, Gilbert, the owner of record of seventeen shares of Transamerica's stock, wrote the management, submitting four[1] proposals which he desired to present for action by shareholders at the next annual stockholders' meeting to be held on April 25, 1946. The first, second and fourth of these proposals were as follows:

(1) To have independent public auditors of the books of Transamerica elected by the stockholders, beginning with the annual meeting of 1947, a representative of the auditing firm last chosen to attend the annual meeting each year.

(2) To amend By-Law 47 in order to eliminate therefrom the requirement that notice of any proposed alteration or amendment of the by-laws be contained in the notice of meeting.[2]

(4) To require an account or a report of the proceedings at the annual meeting to be sent to all stockholders.

It appears that proposal (1) was in the form of a by-law amendment; Gilbert, the Commission and the corporation all so regarding it. Gilbert identified the second proposal also as a by-law amendment. The fourth proposal was designated by Gilbert as "a straight resolution." The Commission demanded of Transamerica that it accede to Gilbert's proposals. The corporation refused the Commission's demands.

The Commission therefore filed a complaint in the court below to enjoin Transamerica and its officers, inter alia, from making use of any proxy solicited by it for use at the annual meeting, from making use of the mails or any instrumentality of interstate commerce to solicit proxies or from making use of any soliciting material without complying with the Commission's demands, and for other relief which need not be detailed here.

The court below, finding its jurisdiction based on Sections 14(a), 23(a), as amended by § 8, Act of May 27, 1936, and Section 21(e), as amended, and Section 27, as amended, of the Securities Exchange Act of 1934, 15 U.S.C.A. §§ 78n(a), 78w(a), 78u(e), and 78aa,[3] to enforce compliance with the

---

[1] The third proposal was one to change the place of the annual meeting of the corporation from Wilmington, Delaware, to San Francisco, California. This request became moot on or about April 25, 1946, the directors amending the by-laws to change the place of annual meetings from Wilmington to San Francisco.

[2] The provisions of By-Law 47 have been amended by the action of the Board of Directors so that now notice of a proposed change in the by-laws of Transamerica must be included in the notice of meeting if a request to such effect is made by the holders of 1% of the outstanding stock. It should be noted that the closing price of Transamerica's stock on the New York Stock Exchange on November 23, 1946, as quoted in the New York Herald-Tribune, November 24, 1946, § IV, p. 10, was 13½ a share as of that date, and that 1% of the stock had a market value exceeding $1,300,000.

It should be observed also that the average stockholder of Transamerica holds 66 shares at a market value of approximately $891. It would therefore be necessary for approximately 1,500 average stockholders to band together to request a by-law amendment under the terms of By-Law 47 as amended.

[3] Section 14(a) provides: "It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of any national securities exchange or otherwise, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered on any national securities exchange in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Section 23(a) provides in pertinent

proxy rules of the Commission, concluded that the primary question in respect to Gilbert's proposals was whether they constituted proper subjects for action by stockholders at the annual meeting and stated that the question must be answered "not by federal but by Delaware law". See D.C., 67 F.Supp. 326, 329. No substantial question of fact being in dispute, the learned trial judge disposed of the case on the Commission's motion for summary judgment under Rule 56, 28 U.S.C.A. following section 723c. He concluded as to proposal (1) that nothing in the General Corporation Law of Delaware or in the charter or by-laws of Transamerica required the corporation to give stockholders notice in the notice of meeting of any by-law amendment which a shareholder desired to submit to an annual meeting of stockholders, but that there was "no special reason why the vote on independent auditors should be required to assume the form of a new by-law." He held that such a vote is simply a mandate from the stockholders to the directors which may be carried into execution by following its terms. He ordered management to notice and set forth Gilbert's proposal for independent auditors for a vote of stockholders at the adjourned meeting of the company. As to proposal (2), the court concluded that Transamerica's management was not compelled to give notice in the notice of meeting of a stockholder's proposal to change By-Law 47 and hence the management was entitled to rule, notice not being given, the proposal out of order. As to proposal (4) the court concluded that the Commission was not entitled to make good the demand that an account or a report of the proceedings at annual meetings be sent to all stockholders. He enjoined the corporation from proceeding to hold the annual meeting unless complying with Proxy Rules X-14A-7[4] and X-14A-2[5] of the Commission by giving notice in the proxy

part: "The Commission and the Board of Governors of the Federal Reserve System shall each have power to make such rules and regulations as may be necessary for the execution of the functions vested in them by this title, and may for such purpose classify issuers, securities, exchanges, and other persons or matters within their respective jurisdictions."

Section 21(e) provides: "Whenever it shall appear to the Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this title, or of any rule or regulation thereunder, it may in its discretion bring an action in the proper district court of the United States, the district court of the United States for the District of Columbia, or the United States courts of any Territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond. The Commission may transmit such evidence as may be available concerning such acts or practices to the Attorney General, who may, in his discretion, institute the necessary criminal proceedings under this title."

Section 27 provides: "The district courts of the United States, the district court of the United States for the District of Columbia, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this title or rules and regulations thereunder, or to enjoin any violation of such title or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 128 and 240 of the Judicial Code, as amended (U.S.C., title 28, secs. 225 and 347). No costs shall be assessed for or against the Commission in any proceeding under this title brought by or against it in the Supreme Court or such other courts."

[4] Proxy Rule X-14A-7 provides:
"In the event that a qualified security holder of the issuer has given the management reasonable notice that such
[5] See note 5 on page 515.

of Gilbert's proposal. Following the hearing and its opinions the court ordered the adjourned meeting to be convened for consideration of the auditor proposal, Gilbert's proposal (1). Both the Commission and Transamerica have appealed; the Commission, from the failure of the court below to enforce its demands respecting Gilbert's proposals (2) and (4); Transamerica, from the court's decision to enforce the Commission's demand as to Gilbert's proposal (1).

We think it will be of assistance in understanding what is involved if we deal first with the respective major contentions of each of the parties; then treat with the specific proposals involved, some of the contentions of the parties in respect to them and the applicable rulings of the court below. Respecting the major contentions of the parties, it will be observed that the decision in the case at bar must turn in some part on the interpretation to be placed on that portion of Proxy Rule X-14A-7 which provides that if a qualified security holder has given the management reasonable notice that he intends to present for action at a meeting of security holders "a proposal which is a proper subject for action by security holders" the management shall set forth the proposal and provide means by which the security holders can vote on the proposal as provided in Proxy Rule X-14A-2. Much of the briefs of the parties and most of the argument have been devoted to a discussion of what is "a proper subject" for action by the stockholders of Transamerica. Speaking broadly, it is the position of the Commission that "a proper subject" for stockholder action is one in which the stockholders may properly be interested under the law of Delaware. Transamerica takes the position that a stockholder may interest himself with propriety only in a subject in respect to which he is entitled to vote at a stockholders' meeting when every requirement of Delaware law and of the provisions of the charter and by-laws, including notice, has been fulfilled. Putting Transamerica's position in its full technical abundance, as we understand it, it says that since Section 5(8)[6] of the Delaware Corporation Law provides that a certificate of incorporation may set forth provisions which limit, regulate and define the powers and functions of the directors and stockholders, and since Article XIII[7] of Transamerica's charter states that all the powers of the corporation shall be vested in the board of directors,[8] the power to control corporate acts rests in the board of directors and not in the stockholders; in

security holder intends to present for action at a meeting of security holders of the issuer a proposal which is a proper subject for action by the security holders, the management shall set forth the proposal and provide means by which security holders can make a specification as provided in Rule X-14A-2. Further, if the management opposes such proposal, it shall, upon the request of such security holder, include in its soliciting material the name and address of such security holder and a statement of such security holder setting forth the reasons advanced by him in support of such proposal: Provided, however, That a statement of reasons in support of a proposal shall not be longer than 100 words and Provided further, That such security holder and not the management shall be responsible for such statement. For the purposes of this rule notice given more than thirty days in advance of a day corresponding to the date on which proxy soliciting material was released to security holders in connection with the last annual meeting of

security holders shall, prima facie, be deemed to be reasonable notice."

[5] Proxy Rule X-14A-2 provides:

"Means shall be provided in the form of proxy whereby the person solicited is afforded an opportunity to specify by ballot a choice between approval or disapproval of each matter, or each group of related matters as a whole, which is intended to be acted upon pursuant to the proxy and the authority conferred as to each such matter or group of matters shall be limited to voting in accordance with the specifications so made."

[6] Rev.Code of Delaware 1935, § 2037 (8).

[7] As follows: "All of the powers of this corporation, in so far as the same may be lawfully vested by this Certificate of Incorporation in the Board of Directors, are hereby conferred upon the board of directors of this corporation."

[8] See also By-Law 14 which provides:

"In addition to the powers and authorities by these by-laws expressly conferred upon them, the Board may exercise all such powers of the corporation

other words that the incorporators by the notice requirement of By-Law 47[9] curbed the power of the stockholders to vote on any by-law amendment of which notice was not included in the notice of meeting and in effect vested in Transamerica's board of directors the power to decide whether any proposed by-law amendment should be voted on at an annual meeting of stockholders. In short, management insists that it is entitled to use the notice requirement of By-Law 47 as a block or strainer to prevent any proposal to amend the by-laws, which it may deem unsuitable, from reaching a vote at an annual meeting of stockholders.

■ We will now treat specifically with Gilbert's three proposals, with some of the contentions of the parties in regard to them and with the rulings of the court below. Transamerica contends, as we have indi-

cated, that since Article XIII of Transamerica's charter vests in the Board of Directors all powers of corporate management, not prohibited to them by the law of Delaware, this comprehensive grant renders the question of auditors not a proper subject for action by Transamerica's stockholders. The court below took the view, in our opinion, fully supportable, that the stockholders as the beneficial owners of the enterprise may prefer to consider the selection of independent auditors to review "what is no more than the trust relationship which exists between the directors and stockholders." See D.C., 67 F.Supp. at page 334. Assuredly, it is no less than this. It is necessary to go no further in order to sustain the Commission's contention that the auditing of the books of a corporation is a proper subject for stockholder con-

---

and do all such lawful acts and things as are not by statute or by the certificate of incorporation or by these by-laws directed or required to be exercised or done by the stockholders. * * * "

[9] By-Law 47.—"These by-laws may be altered or amended by the affirmative vote of a majority of the stock issued and outstanding and entitled to vote thereat, at any regular or special meeting of the stockholders if notice of the proposed alteration or amendment be contained in the notice of the meeting, or by a resolution adopted by the affirmative vote of a majority of the whole Board at a regular or special meeting, provided that the amendments so adopted shall first have been proposed by a resolution passed by the vote of a majority of the whole Board at its last preceding meeting and that the notice calling the meeting at which said amendments are to be and are adopted shall specify by designated number, the section or sections of the by-laws involved, and embody a copy of the section or sections proposed to be added or deleted, or in case it is proposed to amend any section or sections, shall embody a copy of such section or sections in proposed amended form. * * * "

It should be observed that on March 26, 1946, the directors amended by-law 47 to provide that a valid by-law amendment would be noticed at the annual meeting if proposed in writing by stockholders holding at least 1% of stock.

Compare the provisions of Article X of Transamerica's charter as follows:

"In furtherance and not in limitation

of the powers conferred by statute, the board of directors is expressly authorized:

"(a) To make and alter the by-laws of this corporation, without any action on the part of the stockholders; but the by-laws made by the directors and the powers so conferred may be altered or repealed by the stockholders."

Also see the following:

"By-Law 4. The annual meeting of the stockholders shall be held on the last Thursday of April in each year * * * when they shall elect by a plurality vote, by ballot, a Board of Directors, and transact such other business as may properly be brought before the meeting."

"By-Law 6. At each meeting of the stockholders every stockholder having the right to vote shall be entitled to vote in person, or by proxy. * * * "

"By-Law 7. Written notice of the annual meeting shall be mailed to each stockholder entitled to vote thereat at such address as appears on the stock book of the corporation, at least ten days prior to the meeting."

"By-Law 8. Special meetings of the stockholders, for any purpose, or purposes, unless otherwise prescribed by statute, may be called by the Chairman of the Board * * * at the request in writing of a majority of the Board of Directors, or at the request in writing of stockholders owning a majority in amount of the entire capital stock * * * entitled to vote. Such request shall state the purpose or purposes of the proposed meeting."

sideration and action. Surely the audit of a corporation's books may not be considered to be peculiarly within the discretion of the directors. A corporation is run for the benefit of its stockholders and not for that of its managers.

◼ Stockholders are entitled to employ watchmen to eye the guardians of their enterprise, the directors. Section 9[10] of the Delaware Corporation Law does not militate against this view nor is it important whether Gilbert's proposal be considered as a proposal to amend the by-laws or, as the court below considered it, "a mandate from the stockholders to the directors" to be carried into execution by following its terms. Setting to one side the notice provision of By-Law 47, to be dealt with hereinafter, the employment of independent auditors to be selected by the stockholders beyond any question is a proper subject for action by the stockholders.

As to (2), the proposal to amend By-Law 47 in order to eliminate the requirement that notice be given in the notice of any meeting of any proposed alteration or amendment of the by-laws, the court below decided in favor of Transamerica and against the Commission. As the learned District Judge pointed out, as Transamerica has contended and as has been stated herein, By-Law 47 provides that the by-laws may be altered or amended by an affirmative vote of a majority of the stock issued and outstanding and entitled to vote at any regular or special meeting of stockholders if notice of the proposed alteration or amendment is contained in the notice of the meeting. See note 9, supra. The court below took the view that because notice was not given by management, management was entitled to rule out of order any proposal to amend this By-law. But Gilbert had made his intention plain. He did not intend to deny notice to the stockholders for notice would have been given if Transamerica obeyed the Commission's direction and its proxy rules. Gilbert stated to Transamerica that the proposed by-law amendment

was "to be introduced only if the management again resorts to what I consider the extremely undemocratic method of trying to avoid a vote, for approval or rejection, of the other resolutions, by ruling them out of order."

◼ That the law of Delaware will permit stockholders of a Delaware corporation to act validly on a stockholder's proposal to amend by-laws is clear beyond any doubt. Section 12 of the General Corporation Law of Delaware[11] provides that "The original by-laws of a corporation may be adopted by the incorporators. Thereafter, the power to make, alter or repeal by-laws shall be in the stockholders, but any corporation may, in the certificate of incorporation, confer that power upon the directors." Transamerica's charter imposes no impediment for Article X of the charter provides: "In furtherance and not in limitation of the powers conferred by statute, the board of directors is expressly authorized: (a) To make and alter the by-laws of this corporation, without any action on the part of the stockholders; but the by-laws made by the directors and the power so conferred may be altered or repealed by the stockholders." In short if it were not for the block interposed by the notice provisions of By-Law 47, it would be clear that Gilbert's second proposal would be a proper subject for stockholder action.

◼ As to (4), the proposal to require a report of the proceeding of the annual meeting to be sent to all stockholders, we can perceive no logical basis for concluding that it is not a proper subject for action by the security holders. The security holders numbered approximately 151,000 persons holding approximately 9,935,000 shares of stock. Certainly it is proper for the stockholders to desire and to receive a report as to what transpired at the annual meeting of their company. True it may cost Transamerica $20,000 annually, but accurate information as to what transpires respecting the corporation is an absolute necessity if stockholders are to act for their joint interest.

---

[10] Rev.Code, Delaware 1935, § 2041. "The business of every corporation organized under the provisions of this Chapter shall be managed by a Board of Directors, except as hereinafter or in its Certificate of Incorporation otherwise provided. * * *"

[11] Rev.Code Delaware 1935, § 2044.

If stockholders cannot act together, they cannot act effectively.

The propriety of proposal (4) seems to us to be scarcely arguable and we conclude that no further discussion is necessary, any question of notice under By-Law 47 aside.

 The conclusions reached by the court below in respect to Gilbert's proposals (2) and (4) may be supported only by applying the notice provision of By-Law 47 in all its strictness. Admittedly, so long as the notice provision of By-Law 47 remains in effect unless management sees fit to include notice of a by-law amendment proposed by a stockholder in the notice of meeting the proposed amendment can never come before the stockholders' meeting with complete correctness. The same would be true even if one per centum of the stockholders backed the proposed amendment. But Transamerica's position is overnice and is untenable. In our opinion Gilbert's proposals are proper subjects for stockholder action within the purview of Proxy Rule X-14A-7 since all are subjects in respect to which stockholders have the right to act under the General Corporation Law of Delaware.

 But assuming arguendo that this was not so, we think that we have demonstrated that Gilbert's proposals are within the reach of security-holder action were it not for the insulation afforded management by the notice provision of By-Law 47. If this minor provision may be employed as Transamerica seeks to employ it, it will serve to circumvent the intent of Congress in enacting the Securities Exchange Act of 1934. It was the intent of Congress to require fair opportunity for the operation of corporate suffrage. The control of great corporations by a very few persons was the abuse at which Congress struck in enacting Section 14(a).[12] We entertain no doubt that Proxy Rule X-14A-7 represents a proper exercise of the authority conferred by Congress on the Commission under Section 14(a). This seems to us to end the matter. The power conferred upon the Commission by Congress cannot be frustrated by a corporate by-law.

Other arguments made by Transamerica need not be discussed in this opinion.

 We entertain no doubt that the court below possesses the authority to make any order necessary to enforce liabilities or duties created by the Act or rules promulgated pursuant thereto. Cf. Deckert v. Independence Shares Corporation, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189, and Aldred Inv. Trust v. Securities and Exchange Comm., 1 Cir., 151 F.2d 254, 261, certiorari denied 326 U.S. 795, 66 S.Ct. 486, 90 L.Ed. 483.

The judgment of the court below will be modified to compel re-solicitation on Gilbert's proposals (2) and (4). The court below has already ordered re-solicitation on Gilbert's proposal (1). If further re-solicitation of proposal (1) be necessary by reason of lapse of time the court below will be authorized to order such re-solicitation. It will be directed to enjoin violation of the Act and the rules by Transamerica in respect to proposals (2) and (4). In all other respects the judgment will be affirmed.

---

[12] See H. Rep. No. 1383, 73d. Cong., 2nd Sess. (1934) 13-14. Also see S. Rep. No. 792, 73rd Cong., 2nd Sess. (1934) 12.